## CHARLES T. COWENHOVEN v. MARTIN A. HOWELL.

1. A promise to pay a subsisting debt in order to be unaffected by the statute of frauds, &c., must be founded on a consideration beneficial to the promisor.
2. The defendant promised to pay the plaintiff if he would send certain depositions which he had taken, and upon which he claimed to have a lien, to his, defendant's, son, who was solely interested in them, that he, defendant, would pay the expenses and fees for taking them; the papers having been sent in reliance on this promise—*held*, that it could not be enforced, as it was purely a promise to pay the debt of another.

Rule to show cause.

The plaintiff acting as a United States commissioner, took certain depositions in a suit pending in the United States Circuit Court for the northern district of Illinois, in which Martin A. Howell, Jr., a son of the defendant in the present suit, was a party. After this evidence was taken the plaintiff refused to deliver it up unless his fees were paid. It was not shown that the defendant had any interest in the suit, to which these depositions pertained. The promise on which the

suit is founded, is stated that in the testimony of the plaintiff himself—" Mr. Howell (the defendant) then stated that he had received a telegram or letter from his son, stating that he must have the testimony.    I then repeated to him what I had said at my office in reference to taking the fees.    I stated to him my conduct in the whole matter, and then said to Mr. Howell that I declined to surrender that testimony until I was paid for it.    Mr. Howell then said that he would be responsible for my fees for that testimony, if I would send it to Chicago to the clerk of the District Court.    Mr. Howell then offered to give me a written obligation assuming the responsibility.    I then said to Mr. Howell that I considered his word as good as any written obligation which he could give me."

Relying on this promise, the plaintiff forwarded to the son of the defendant, in Illinois, the depositions.

This suit is brought to recover his fees for taking them.

At the circuit, the plaintiff was nonsuited by Mr. Justice Scudder.

Argued at June Term, 1873, before BEASLEY, Chief Justice, and Justices DEPUE and VAN SYCKEL.

For the plaintiff, *A. V. Schenck.*

For the defendant, *I. W. Scudder*

The opinion of the court was delivered by

BEASLEY, CHIEF JUSTICE.    One of the important objects of the statute of frauds is to prevent ony one from becoming bound for the debt of another, unless a written certificate, duly signed, of such obligation, can be produced.    The wisdom and practical value of this enactment have never been denied, but the difficulty has been to discriminate between such undertakings as are primary in their nature, and such as are secondary, that is in aid of the liability of some other party.    Many of the judicial decisions are in conflict on this

Cowenhoven v. Howell.

subject, but I think it can, at present, be said that the rule, applicable to this class of cases, has been placed at length on a stable foundation. That rule is, that in case of a promise to become liable for an existing debt or obligation, there must, in order to sustain such promise, and render it unobjectionable in view of the statute, be a substantial consideration moving to such promisor. In such transactions, the simple fact that a good consideration for the assumption exists, is not sufficient; but superadded to this, such consideration must be apparently beneficial to the party undertaking to pay the debt and assume the obligation. By force of the statute, an unwritten promise to pay the debt of another, is inefficacious; the new assumption, consequently, if it is to have any legal obligation, must not have such an object in view as its primary purpose, but the primary purpose must be to promote the interest of him who takes the burthen upon himself. Hence it is, that in such transactions, a mere detriment to the promisee, the original obligation remaining unextinguished, will not support a promise of this character. Such a consideration would be good at common law, independently of the effect of the statute, because before the passage of the act, any legal agreement to pay the debt of another was valid, but now such an agreement must be in writing. The consequence is, that agreements which will have the effect to discharge the debt of another, must be founded in a motive of interest, selfish in the promisor. The distinction is between a promise, the object of which is to promote the interest of another, and one in which the object is to promote the interest of the party making the promise. The former is within the operation of the statute. The latter is unaffected by it.

The principle is clearly exemplified by a long series of decisions. Among these may be mentioned the case of *Fish* v. *Hutchinson*, 2 *Wil.* 94. The plaintiff had sued a third person for a debt, and the defendant, in consideration of the staying of such action, promised to pay the money owing. Here was obviously a good consideration for the promise, as the suspension of the action was a loss to the promisee; nev-

ertheless as it was a naked undertaking to pay the debt of another person, the judgment was that it could not be enforced by reason of the statute. To the same effect is the case of *Nelson* v. *Boynton*, 3 *Metc.* 396, the decision resting on identical grounds. The basis of that suit was a promise to pay the note of a third person which was in suit, and which was secured by an attachment on his property, in consideration of the holder of the note discontinuing his suit. In this, as in the former case, the discontinuance of the action constituted a sufficient consideration, but for the reason before assigned, it being an assumption of another's debt, and nothing more, the suit fell to the ground.

Many other decisions of the same complexion might be vouched in support of the principle thus illustrated, but I shall not cite them, as they can be very readily found by a reference to any of the ordinary text books. The two examples which have been presented, show clearly that a consideration of mere detriment to the promisee, when the undertaking is to pay the debt of another, and the original obligation to pay such debt continues, will not take such promise out of the reach of the statute.

But a citation or two from the obverse line of cases, where it has been held the statute was inapplicable, will serve further to elucidate the rule already propounded. In this class, *Williams* v. *Leper*, 3 *Burr.* 1886, is a leading case. The plaintiff, as landlord, was about to distrain for rent certain goods in the possession of the defendant, who was a broker employed to sell the goods; and the latter promised the landlord to pay the rent if he would abstain from proceeding. This undertaking was held to be valid on the ground that the broker, being in possession and having a personal interest to protect, was moved to enter into the agreement by these considerations. The theory put in force was that the promise proceeding from such a motive, personal to the promisor, was original and not collateral. The same reasoning led to a similar result in *Johnson* v. *Gilbert*, 4 *Hill* 178. The facts were, the plaintiff had paid a debt for the defendant, and the latter transferred to him a note of a third party with a guaranty

Cowenhoven v. Howell.

of payment. This guaranty was void, if the case was within the statute, but the court thought that it was not, as the defendant did not stand as a naked surety for a third person. The cases decided in this court of *Clark* v. *Hall*, 6 *Halst.* 78, and *Kutzmeyer* v. *Ennis*, 3 *Dutcher* 371, rest upon this same foundation.

These authorities sufficiently explain the application of the rule above defined, that the promise which is incidentally to discharge the debt of a third party in order to be without the statutory provision, must not only have a new consideration to support it, but such consideration must so move to the promisor as to make the transaction a matter of personal concern to himself. In this way only can it be made an original and substantive assumption.

Under the operation of this rule the correctness of the ruling in this case at the circuit becomes clearly indisputable. The defendant had no interest whatever in the debt which he agreed to pay. The entire consideration of the promise was the relinquishing of the lien by the defendant, and it has been shown that such a detriment, although a good consideration to support an undertaking, is not such a one as will remove the transaction to a position not reached by the statute. The non-suit must stand.

It is proper to remark that the rule above adopted is not applicable to that class of affairs where the effect of the new promise is to extinguish the liability of the original party before the obligation of the new promise attaches. As in case of a promise to pay the debt if the promisee will discharge the primary debtor from a *capias ad respondendum.* In such event the discharge from the writ by operation of law, destroys the debt, so that there is nothing to which the new assumption can stand as collateral. In cases of this class it has been repeatedly decided that the statute did not apply. *Goodman* v. *Chase*, 1 *B. & Ald.* 297 ; *Fitzgerald* v. *Dressler,* 7 *C. B.* (*N. S.*) 374; *Kelsey* v. *Hibbs*, 13 *Ohio* (*N. S.*) 340 ; *Butcher* v. *Stewart*, 11 *M. & W.* 857 ; *Meridan Britannia Co.* v. *Zingsen*, 48 *N. Y.* 247.

CITED in *Wills* v. *Shinn*, 13 *Vr.* 138; *Blackford* v. *Plainfield Gas Light Co.*, 14 *Vr.* 438.