ANNIE KELLY, Plaintiff, *v.* MARY E. KELLY, Defendant.

*Submission of a case without controversy — the facts included in a party's claim are not deemed to be agreed upon — statement insufficient to show that a possession was adverse.*

Where a controversy is submitted upon an agreed statement of facts pursuant to section 1279 of the Code of Civil Procedure, a fact which appears only in that part of the instrument which sets forth the plaintiff's contention will not be treated as one of the agreed facts.

A statement in the submission that the grantee in a certain deed "has been in possession of such property from March 11, 1875, up to the time of his death, September 20, 1897, and that his heirs, who are also his devisees, have been in actual possession since that time, his wife having died previously," is not sufficient to establish title to the property by adverse possession as it does not declare the possession to have been either hostile or undisturbed.

GOODRICH, P. J., dissented.

SUBMISSION of a controversy upon an agreed statement of facts, pursuant to section 1279 of the Code of Civil Procedure.

*Ralph K. Jacobs*, for the plaintiff.

*Fred L. Gross*, for the defendant.

PER CURIAM:

The purpose of this proceeding is to compel the defendant to accept from the plaintiff title to certain real estate in the borough of Brooklyn under an executory contract of sale between the parties.

The submission indicates that the land intended to be sold is situated 408 feet and 4 inches west of Court street. The record title of the plaintiff is defective in that the deed which is her source of title describes the property as 480 feet and 4 inches west of Court street.

We are asked by the plaintiff to hold that the latter description

was a clerical error, but the parties in their submission have not agreed upon any fact sufficient to warrant this conclusion.

The deed upon which the plaintiff's title depends was made on March 11, 1875, by Jeremiah Shea and Bridget, his wife, to Michael Kelly. After the erroneous description, making the situation of the property 480 feet and 4 inches west of Court street, instead of 408 feet and 4 inches, this deed conveys "the right of the party of the first part, his heirs and assigns to insert beams in the wall of the house adjoining the hereby described premises on the easterly side thereof as said right is given in and by a deed made by Grace Koegh and Edward Koegh to Gustavus A. Smith."

It is argued that this clause creates an ambiguity in the description, and the reference to the party wall as a monument must control. In stating the contention of the plaintiff, the location of that party wall is set out in the submission, and it is said that this location would make the party wall 408 feet and 4 inches west of Court street, which is the proper description of the premises. It is not permissible, however, for us to consider this question of location, inasmuch as the situation of the party wall is not agreed upon anywhere in the submission. The only statement in reference to it is contained in that part of the instrument which sets out the plaintiff's claim.

The submission declares that Michael Kelly, the grantee in the Shea deed, "has been in possession of such property from March 11, 1875, up to the time of his death, September 20, 1897, and that his heirs, who are also his devisees, have been in actual possession since that time, his wife having died previously." Upon this statement it is contended that the plaintiff has made out a good title by adverse possession. It is to be observed, however, that the submission does not declare the possession to have been undisturbed, and even if it did such allegation would not suffice. "To establish title by adverse possession, it must be shown that the person holding the possession did so in open hostility to the rights of the true owner." (*Heller* v. *Cohen*, 154 N. Y. 299, 311.)

Upon the facts stated in this submission, the defendant is entitled to judgment.

All concurred, except GOODRICH, P. J., dissenting.

Judgment directed for defendant upon submission.