SOL BERG, Respondent, *v.* SAMUEL SPITZ, Appellant.

*Statute of Frauds — a release of a debtor from arrest and an assignment of property converted by him constitute a good consideration for a promise to pay the debt.*

Faisler, a servant of one Spitz, purchased jewelry of one Stromberg on the installment plan.  Faisler having pawned the jewelry, Stromberg recovered a judgment against him for converting it and caused his arrest.  Thereupon Spitz promised Stromberg that if the latter would release Faisler, in order to permit him to return to Spitz's service, he, Spitz, would pay the claim.  Stromberg released Faisler and Spitz thereupon paid Stromberg twenty dollars on account and orally agreed to pay off the balance in regular installments.  At that time Faisler, with the assent of Stromberg, gave the pawn tickets of the jewelry to Spitz in order that the latter might redeem such jewelry for his own use.

*Held*, that Spitz's promise to Stromberg was an original promise resting upon a sufficient consideration, and was not void under the Statute of Frauds.

APPEAL by the defendant, Samuel Spitz, from a judgment of the Municipal Court of the city of New York, borough of The Bronx, in favor of the plaintiff, and also from an order denying the defendant's motion for a new trial made upon the minutes.

*William Hauser*, for the appellant.

*Alex. B. Greenberg*, for the respondent.

JENKS, J. :

I see no reason to disturb the decision upon the facts, and I think that the defense of the Statute of Frauds cannot prevail. Plaintiff's assignor, Stromberg, recovered a judgment against Faisler for conversion of jewelry sold on the installment plan, and jailed him. Faisler was a servant of the defendant. The evidence warrants these findings of fact: The defendant orally promised Stromberg that if he would release Faisler for a return to service, he, the defendant, would pay the claim. Stromberg did so and paid the judgment against Faisler. The defendant thereupon paid Stromberg twenty dollars on account, and orally agreed to pay off the balance in regular installments. At that time, with the assent of Stromberg, Faisler, who had pawned the jewelry, gave the pawn tickets to the defendant, so that he might redeem the jewelry for his own use.

Defendant's parol promise to pay Faisler's antecedent debt upon consideration of the cancellation thereof was not within the statute (Laws of 1897, chap. 417, § 21, subd. 2), and is valid. (*Meriden Britannia Co.* v. *Zingsen,* 48 N. Y. 247.)

Again, the promise could be held original as arising out of the consideration of the release of Faisler from jail in order that he might return to the service of the defendant. (*Barney* v. *Forbes,* 44 Hun, 446; affd., 118 N. Y. 580.) Either Stromberg or Faisler owned the jewels, which were but the subject of bailment to the pawnbroker. If Stromberg owned them, then his assent to the transfer of the same to the defendant upon the promise of the defendant to discharge Stromberg's claim, based upon his conditional sale to Faisler, is sufficient to make the promise original. Even if Faisler owned the jewels, then his transfer to the defendant of his property rights, upon defendant's promise to pay Faisler's debt to Stromberg, made the promise original. (*First National Bank* v. *Chalmers,* 144 N. Y. 432.)

The judgment and order should be affirmed, with costs.

GOODRICH, P. J., BARTLETT, WOODWARD and HOOKER, JJ., concurred.

Judgment and order of the Municipal Court affirmed, with costs.