### BERG v. SPITZ.

(Supreme Court, Appellate Division, Second Department. November 13, 1903.)

1. STATUTE OF FRAUDS—AGREEMENT TO ANSWER FOR ANOTHER'S DEBT—CONSIDERATION.

 A parol promise to pay the debt of another in consideration of the cancellation thereof so far as the original debtor is concerned is not within the statute of frauds.

2. SAME.

 An oral promise to pay the debt for which a judgment debtor is imprisoned in consideration of his release from jail in order that he may return to the service of the promisor is not within the statute of frauds.

---

¶ 1. See Frauds, Statute of, vol. 23, Cent. Dig. § 47.

**8. SAME.**
> An oral promise by a third person to complete the payment for goods purchased on the installment plan in consideration of the goods being transferred to him is not within the statute of frauds, whether title to the goods is in the buyer or seller.

Appeal from Municipal Court, Borough of the Bronx, First District.

Action by Sol Berg against Samuel Spitz. From a judgment for plaintiff and an order denying a new trial, defendant appeals. Affirmed.

Argued before GOODRICH, P. J., and BARTLETT, JENKS, WOODWARD, and HOOKER, JJ.

William Hauser, for appellant.
Alex. B. Greenberg, for respondent.

JENKS, J. I see no reason to disturb the decision upon the facts, and I think that the defense of the statute of frauds cannot prevail. Plaintiff's assignor, Stromberg, recovered a judgment against Faisler for conversion of jewelry sold on the installment plan, and jailed him. Faisler was a servant of the defendant. The evidence warrants these findings of fact: The defendant promised Stromberg that, if he would release Faisler for a return to service, he (the defendant) would pay the claim. Stromberg did so, and paid the judgment against Faisler. The defendant thereupon paid Stromberg $20 on account, and agreed to pay off the balance in regular installments. At that time, with the assent of Stromberg, Faisler, who had pawned the jewelry, gave the pawn tickets to the defendant, so that he might redeem the jewelry for his own use. Defendant's parol promise to pay Faisler's antecedent debt upon consideration of the cancellation thereof was not within the statute, and is valid. Meriden Britannia Co. v. Zingsen, 48 N. Y. 247, 8 Am. Rep. 549. Again, the promise could be held original, as arising out of the consideration of the release of Faisler from jail in order that he might return to the service of the defendant. Barney v. Forbes, 44 Hun, 446, affirmed in 118 N. Y. 580, 23 N. E. 890. Either Stromberg or Faisler owned the jewels, which were but the subject of bailment to the pawnbroker. If Stromberg owned them, then his assent to the transfer of the same to the defendant upon the promise of the defendant to discharge Stromberg's claim, based upon his conditional sale to Faisler, is sufficient to make the promise original. Even if Faisler owned the jewels, then his transfer to the defendant of his property rights upon defendant's promise to pay Faisler's debt to Stromberg made the promise original. F. N. Bank v. Chalmers, 144 N. Y. 432, 39 N. E. 331.

The judgment and order should be affirmed, with costs. All concur.