AMERICAN WIRE & STEEL BED CO. v. SCHULTZ.

(Supreme Court, Appellate Term. May 19, 1904.)

1. STATUTE OF FRAUDS—DEBT OF ANOTHER—INDEPENDENT PROMISE.

Defendant's son became a defaulter to plaintiff, whereupon defendant, in consideration that plaintiff would not disclose to her husband the fact of her son's dishonor, and would retain the son in its employ, and release him from all claims by reason of the defalcation, defendant would pay the amount thereof. *Held*, that defendant's engagement was an original undertaking, by which she made the debt of her son her own, and was therefore not within the statute of frauds.

2. SAME—CONSIDERATION.

Defendant's agreement to assume her son's debt was based on a sufficient consideration.

Appeal from City Court of New York, Trial Term.

Action by the American Wire & Steel Bed Company against Louisa Schultz. From an order of the City Court setting aside a verdict in favor of plaintiff and ordering a new trial, plaintiff appeals. Reversed.

Argued before FREEDMAN, P. J., and TRUAX and SCOTT, JJ.

Sanders & Feltenstein, for appellant.

George Hahn, for respondent.

FREEDMAN, P. J. Defendant's son had become a defaulter in the course of his employment by the plaintiff. Upon being notified of the fact, the defendant entered into a certain agreement with the plaintiff. The said agreement, as it must be deemed to have been established by the jury, was that, in consideration that the plaintiff should not disclose to defendant's husband the fact of her son's dishonor, and in consideration that the plaintiff should retain said son in its employ, and in further consideration that the plaintiff would release said son from all claims against him by reason of the defalcation, the defendant would pay the amount of the defalcation. The plaintiff performed its part of the contract. The defendant, after making some payments on account, refused to pay any more. The jury found for the plaintiff for the balance remaining due. The court below set aside the verdict for the following reasons, viz.:

"In order to hold the defendant upon her promise to pay the debt of her son, there must be a consideration moving to and beneficial to her (Ackley v. Parmenter, 98 N. Y. 425, 50 Am. Rep. 693; White v. Rintoul, 108 N. Y. 231, 15 N. E. 318), and the evidence in this case fails to supply that requirement of the law."

There was error in thus applying the provisions of the statute of frauds to the case as determined by the jury, and the authorities cited are not decisive. In neither of these two cases was there a request on the part of the promisor to release the original claim, followed up by an actual release and extinguishment thereof. In both of them the defendant stood in the relationship of surety for the performance by the original debtor of the obligation of the latter to the creditor. They would be applicable if the fact were established that defendant's obliga-

tion was one of surety, and contingent upon something which the original debtor was to do. But that element does not exist here. On the contrary, the case at bar comes directly within the exception noted in the two cases cited. The defendant asked for no extension of time within which her son was to pay, but for his actual release from his debt and the substitution of her own obligation. The release was granted, and his debt extinguished upon her assumption of the indebtedness, and she then and there paid $50 on account of it. This was not a collateral, but an original, undertaking on her part, by which she made his debt her own. That such a case does not fall within the statute of frauds was held in Berg v. Spitz (Sup.) 84 N. Y. Supp. 532; Meriden Britannia Co. v. Zingsen, 48 N. Y. 247, 8 Am. Rep. 549; Mallory v. Gillett, 21 N. Y. 412; Brown v. Weber, 38 N. Y. 187. Under these authorities there was a sufficient consideration for the defendant's promise. Moreover, if it were necessary to show that under the circumstances disclosed by the evidence the court below mistakenly assumed that the consideration flowing from the part of the agreement by which the plaintiff agreed not to disclose the son's defalcation to his father was of a mere sentimental character, it would not be difficult to do so.

The order appealed from must be reversed, with costs and disbursements. All concur.