(173 App. Div. 477)

## CITY OF YONKERS v. YONKERS ELECTRIC LIGHT & POWER CO.

(Supreme Court, Appellate Division, Second Department. June 9, 1916.)

1. ELECTRICITY ⬤➡4—FRANCHISES—CONDITIONS.

The provisions of an electric light and power franchise that the city receive certain free service based on the number of subscribers, and that a list of such subscribers be filed semiannually with the city clerk, are valid conditions, and constitute part of the franchise.

[Ed. Note.—For other cases, see Electricity, Cent. Dig. § 1; Dec. Dig. ⬤➡4.]

2. SUBMISSION OF CONTROVERSY ⬤➡17—QUESTIONS DETERMINED.

On the submission of a cause on an agreed statement of facts under Code Civ. Proc. § 1279, only questions of law arising on the facts so presented can be determined.

[Ed. Note.—For other cases, see Submission of Controversy, Cent. Dig. § 19; Dec. Dig. ⬤➡17.]

3. SUBMISSION OF CONTROVERSY ⬤➡13—QUESTIONS DETERMINED.

In a submission upon an agreed statement of facts under Code Civ. Proc. § 1279, the contentions of the parties embodied in such statement cannot be considered as facts.

[Ed. Note.—For other cases, see Submission of Controversy, Cent. Dig. §§ 13, 14; Dec. Dig. ⬤➡13.]

4. ELECTRICITY ⬤➡11—FRANCHISES—CONDITIONS.

The condition in an electric light and power franchise that the company should furnish lights at places designated by the city, the number to be based on the number of subscribers, a list of which was semiannually to be filed with the city clerk, may be enforced by the city without designating the places for such lamps, where the company had never filed the required list of subscribers, as the filing of such list was a condition precedent to the designation of the location of lamps.

[Ed. Note.—For other cases, see Electricity, Dec. Dig. ⬤➡11.]

5. Electricity ⬤➡4—FRANCHISES—CONDITION—FAILURE TO PERFORM.

An electric light and power company is not excused nor absolved for its failure to perform a requirement of its franchise to furnish the city free service, based on the number of its subscribers by reason of voluntary change of its system, which rendered the performance of such condition oppressive, if not confiscatory.

[Ed. Note.—For other cases, see Electricity, Cent. Dig. § 1; Dec. Dig. ⬤➡4.]

6. SUBMISSION OF CONTROVERSY ⬤➡17—STATEMENT OF FACTS—SUFFICIENCY.

In a submission under Code Civ. Proc. § 1279, of an action by city to compel electric light company to furnish certain free service based on the number of its subscribers as required by its franchise, statement of facts *held* insufficient to warrant a determination of whether word "subscribers" meant all subscribers, or only subscribers using arc lights, and also insufficient to determine the questions of estoppel, laches, waiver, lapse of time, acquiescence and amount of defendant's indebtedness.

[Ed. Note.—For other cases, see Submission of Controversy, Cent. Dig. § 19; Dec. Dig. ⬤➡17.]

Action by the City of Yonkers against the Yonkers Electric Light & Power Company. Submission of controversy upon an agreed statement of facts. Submission dismissed, without prejudice.

Argued before JENKS, P. J., and THOMAS, CARR, MILLS, and RICH, JJ.

⬤➡For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

Max Cohen, of Yonkers, for plaintiff.
Henry J. Hemmens, of New York City, for defendant.

JENKS, P. J. This is a controversy submitted pursuant to section 1279 of the Code of Civil Procedure. In 1885 the plaintiff, a municipal corporation, granted a franchise or privilege to the defendant, a corporation, to furnish electric light and power in the city of Yonkers. The defendant thereupon set up its plant and commenced such business. After 1886, from time to time, contracts were made between the parties, whereby the defendant furnished electric light and power for the public streets, parks, places, and buildings of the said city. One (or more) of such contracts now exists.

[1-3] This controversy arises from the nonfulfillment of a condition of that franchise, which is that the grantee and their successors, and therefore this defendant, "shall furnish free to the city of Yonkers at such places as the common council may designate one electric arc lamp for each and every twenty-five subscribers * * * and keep the same burning" for certain prescribed hours. The franchise also required that between the 2d and 10th days of January and July in each and every year the grantee (and its successors) should file with the city clerk a verified report of "the names and number of subscribers had and obtained," and provision was made for inspection of the grantee's books by certain officers of the city for verification of such reports. It is agreed that the defendant has never filed any report and has never furnished any electric arc lamps free to the city. Nor does it appear, as for performance of this condition, that any free light has ever been furnished. It does not appear that these provisions were changed or modified by any direct action of the parties, or that any attempt was made for that purpose. These conditions were part of this franchise. See Joyce on Electric Law, § 359; Keasby on Electric Wires, § 39; Dillon on Municipal Corporations (5th Ed.) § 1304. The plaintiff demands judgment that the defendant perform the condition to furnish free lights, and pay $107,131.23 for past failure to fulfill it. The defendant demands judgment that dismisses the submission and the action.

The initial question is whether, upon such submission, we can mete out full justice to the parties. In Clark v. Wise, 46 N. Y. 612, when the court ascertained that the parties to the submission had not agreed upon all of the facts upon which the controversy turned, after comment that if the court acted, the final judgment would be against the defendant, the court said:

"But this might preclude the plaintiff from any trial of an action in which the fact here lacking might be established perhaps, in his favor"

—and concluded:

"So it seems most just and proper, while it is legal, to reverse the judgment of the court below and to dismiss this proceeding."

Similar disposal was made in Cerf v. Diener, 210 N. Y. 156, 104 N. E. 126. We are to determine nothing but "the questions of law arising upon the facts thus presented." Clark v. Wise, supra;

Marx v. Brogan, 188 N. Y. 431, 433, 81 N. E. 231, 232 [11 Ann. Cas. 145]. In the latter case it is said:

"It seems obvious, therefore, that whenever it clearly appears that a submitted controversy necessarily involves the duty of drawing inferences from inconclusive, equivocal, or evidentiary facts before a legal conclusion can be formed, it follows as a logical sequence that the issue is one which must be presented and decided in an action, and not in this statutory proceeding." "The court can draw no inference of fact even from the facts as stipulated." N. Y. Tel. Co. v. Siegel-Cooper Co., 202 N. Y. at page 506, 96 N. E. 109, 110 [36 L. R. A. (N. S.) 560].

[4] The contentions of the parties are stated in the statement of facts, but we cannot consider them as facts. Kelly v. Kelly, 72 App. Div. 487, 76 N. Y. Supp. 558. If this controversy should be limited to the naked question with whom lay the legal blame in that this condition had not been fulfilled, I think that, upon the facts presented, we could point to the defendant; for the performance of the condition that the defendant should file annually a report of the names and numbers of subscribers was naturally to precede the designation by the common council of such places where the free arc lights were to be set up. It would seem that the common council could not determine properly where such lights should be placed until it knew how many free lights were at its disposal. I think that the principle declared in Morris v. Sliter, 1 Denio, 59, as approved in Meriden Britannia Co. v. Zingsen, 48 N. Y. 247–252, 8 Am. Rep. 549, applies.

[5] The defendant would avoid the nonfulfillment, in that it changed its system with the advance of the art. It is agreed that in 1888 or 1889 meters were introduced, by which the current consumed by customers was measured, and thereupon the payment theretofore made per each arc lamp at a fixed rate per annum was changed to payment for the current furnished, and not even a minimum charge was made. The contention is that the furnishing of free lights on the basis of subscribers who pay for consumption by meter instead of paying an annual price per lamp would be oppressive, if not confiscatory. But the basis named in the condition is the number of subscribers, not the number of subscribers to electric arc lamps or any other kind of lamps. The new system was apparently voluntarily adopted. It does not appear that thereupon or thereafter the defendant sought at any time or from any source a modification of the franchise or of its conditions, in that the number of subscribers under the new system was not a fair criterion of the number of free arc lights to be furnished as originally determined by the number of subscribers under the former system. For aught that appears, it relied, not upon equity, but upon inertia. If this standard now imposes a greater burden upon the defendant, that fact alone does not excuse performance, nor absolve from any legal consequence for nonperformance. Baker v. Johnson, 42 N. Y. 126; Beebe v. Johnson, 19 Wend. 500, 32 Am. Dec. 518.

[6] The defendant also contends that the provision means, and was intended to mean, in 1885, 1 electric arc lamp for each and every 25 series arc lamps or arc lamp subscribers. If there be any force

in either the contention that the word "subscribers" is so general as to permit such limitation in view of the surrounding circumstances and conditions, or in the contention that the condition as thus expressed is to be thus construed perforce of the surrounding circumstances at the time it was granted, or perforce of the practical construction of the parties then or thereafter, or of other considerations which are germane to the construction and interpretation of contracts, and if refusal to consider such contention would work a hardship upon the defendant beyond all justice, suffice it to say that the facts agreed upon are not full and complete to admit of such consideration in this proceeding. And for the same reason we are not competent to consider the suggested question of estoppel arising upon waiver, lapse of time, acquiescence or laches, or the invocation of the statute of limitations as against the "claim" of the plaintiff for money. On the other hand, we cannot say that such contentions are but sham or pretense.

The contention of the defendant that section 65 of the Public Service Commission Law (Consol. Laws, c. 48) controls it, so as to relieve it from its obligation, not only presents the serious question whether the statute applies to such a condition in favor of a municipal corporation, but also the further question whether, in any event, this defendant could invoke the statute in avoidance. See Farnsworth v. Boro. Oil & Gas Co., 216 N. Y. 40, 109 N. E. 860; Dillon on Municipal Corp. (5th Ed.) § 1240.

And finally, if the plaintiff is entitled to the relief demanded, of a money judgment on its "claim" that the defendant is "indebted" to the plaintiff in the sum of "$107,131.23" by reason of its "noncompliance" with the provisions of the franchise, we need not consider the question, inasmuch as the facts agreed upon would, in any event, not afford sufficient data for determination.

It seems just and proper that we should dismiss the submission, without costs and without prejudice to actions by either party. All concur.