WILLIAM S. HOLLINGSWORTH, APPELLANT, *v.* LUCY O. MOULTON, AS EXECUTRIX, AND JAMES ADAMS, AS EXECUTOR OF THE ESTATE OF JOHN F. MOULTON, DECEASED, RESPONDENTS.

*Gambling debt — what is an insufficient consideration for a note, given in place of a protested check made in payment of a gambling debt — who is a trustee of an express trust.*

A check, given in payment of a gambling debt, having been protested for nonpayment, was subsequently delivered up, together with certain letters and telegrams written by the maker of the check, and a note of such maker and a check for $500 was received in return therefor.

In an action upon the note it was claimed that the surrender of the letters and telegrams, together with that of the protested check, constituted a new consideration which would uphold the promissory note.

*Held,* that no recovery could be had upon the note.

Where a promissory note is, by its terms, made payable to a party who is, in fact, the agent of the real owner thereof, such payee of the note becomes a trustee of an express trust, under the provisions of section 449 of the Code of Civil Procedure, and an action is properly brought in his name to enforce payment thereof.

APPEAL by the plaintiff from a judgment dismissing his complaint, entered upon the report of a referee in proceedings under the statute instituted to establish a claim of the plaintiff against the estate of one John F. Moulton, deceased, which judgment was entered in the office of the clerk of the county of Erie on the 11th day of February, 1889.

It appeared upon the trial of the action that John F. Moulton, the testator, had, in his lifetime, lost in gambling to one John Daly the sum of $3,500, in payment of which amount he gave Daly his check, which was presented for payment and was protested. Subsequently, on the receipt of a note for $3,000 and a $500 check from Moulton, William S. Hollingsworth, who had acted in the matter solely as agent for John Daly, surrendered letters and telegrams which had been written by Moulton in reference to this matter, together with the protested check of $3,500. The $500 check was paid, and the note not being being paid at its maturity this action was brought to recover the amount thereof.

FIFTH DEPARTMENT, JUNE TERM, 1889.

*Henry O. Root* and *Thaddeus D. Kenneson*, for the appellant.

*George J. Sicard*, for the respondents.

MACOMBER, J.:

The defendant's testator, John F. Moulton, had, in his lifetime, prior to the month of November, 1886, lost in gaming to one John Daly the sum of $3,500, for which he gave said Daly his check on a bank. Payment of the check, when presented, was refused and it was accordingly protested for non-payment. Certain letters and telegrams passed between John F. Moulton and the said Daly in regard to the transaction. On the 20th day of November, 1886, the plaintiff, who had authority to act for Daly in the premises, returned to John F. Moulton the protested check, together with the letters and telegrams written by said Moulton, and received in return therefor a check for the sum of $500, which, on presentation, was paid, and the note now in suit for $3,000. The note upon which this action was brought was made and delivered for the sole purpose of taking up the protested check, in part, which had been given for a gambling debt. This fact is not only not denied but it is stipulated as true in the case. The learned counsel for the appellant ingeniously argues that the surrender of the letters and telegrams, together with the protested check, constituted a new consideration which would uphold this promissory note. To this proposition we cannot accede. There is no evidence that the telegrams and letters were regarded as of any pecuniary value. But whether of any pecuniary importance or not it is not shown that they entered into the consideration of this note. But whether they did or not, no recovery can be had upon the note under the statute aimed against gaming, which provides (3 R. S. [7th ed.], 1963, § 16) that "all things in action   *   *   *   and every other security whatsoever, given or executed by any person, where the whole or any part of the consideration of the same shall be for any money   *   *   *   won by playing at any game whatsoever   *   *   * shall be utterly void." Under this statute, if the note in suit is tainted in any respect by the vice of gaming, no recovery can be had upon it. This consideration necessarily leads to an affirmance of the judgment.

The learned referee, however, has fallen into an inadvertent error in deciding that if any action can be sustained upon this note, it can be brought only by Mr. Daly, the principal, and not by this plaintiff, who is shown to be the agent only of Daly. But the note was made payable to the plaintiff's order. Section 449 of the Code of Civil Procedure authorizes a trustee of an express trust to bring an action in his own name. A trustee of an express trust is there defined to be "a person with whom or in whose name a contract is made for the benefit of another." The action was brought by the proper party. But, as is pointed out above, no action by any person can be maintained upon this paper.

The judgment should be affirmed, with costs.

BARKER, P. J., and DWIGHT, J., concurred.

Judgment and order affirmed.