### KREBS v. CARPENTER et al.

(Supreme Court, Appellate Division, First Department. March 20, 1908.)

1. MORTGAGES—FORECLOSURE—PLEADING—ANSWER—EXTENSION OF TIME.

In an action to foreclose a mortgage on a leasehold estate against a successor in interest of a transferee of the estate, who was not alleged to have assumed payment of the amount due, an answer alleging payment of a sum as interest and another sum in addition thereto, and that in consideration of such payments plaintiff agreed to extend the mortgage to a specified date, is not frivolous, as it alleged a valid consideration for such extension, and it was unnecessary to allege extension of the bond, or that the agreement was in writing, where there was nothing to show it was not in writing, nor that the time was actually extended.

2. SAME—CHANGE IN TIME—CONSIDERATION.

An agreement to extend the time of payment of a mortgage in consideration of the payment of interest and a sum in addition thereto by an owner of the property who is not personally bound to pay the interest is valid.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 35, Mortgages, § 895.]

3. PLEADING—ARGUMENTATIVENESS—DEFENSE—FRIVOLOUSNESS.

> That a defense is argumentatively or inartificially stated is not a justification for the court holding it frivolous.
>
> [Ed. Note.—For cases in point, see Cent. Dig. vol. 39, Pleading, §§ 1096–1098.]

Appeal from Special Term.

Action by Barbara Krebs against Louise H. Carpenter, individually and as executrix, and others. From an order overruling the answer of defendant Louise H. Carpenter as frivolous, she appeals. Reversed.

Argued before INGRAHAM, LAUGHLIN, CLARKE, HOUGHTON, and SCOTT, JJ.

Joseph L. Pascal, for appellant.
George F. Langbein, for respondent.

INGRAHAM, J. The action is to foreclose a mortgage dated the 1st of July, 1892, and payable on the 1st of July, 1897, executed by the defendant Benedict A. Klein upon a leasehold of real property. The complaint alleges that the indenture of lease and leasehold premises were by various mesne assignments assigned to one Richard E. Carpenter, who died possessed of the said indenture of lease on or about November 6, 1906, leaving a last will and testament, duly admitted to probate, by which this leasehold was devised and bequeathed to the defendant Louise H. Carpenter, who was also appointed sole executrix of the said will, and letters were issued to her. It is not alleged that Richard E. Carpenter, or the defendant Louise H. Carpenter, assumed the payment of the amount secured by this mortgage or the interest thereon. The complaint further alleges that the defendants have failed to comply with the conditions of the bond and mortgage by omitting to pay the sum of $12,500, and that there is now due the plaintiff upon the said bond and mortgage that sum, with interest from the 1st of July, 1907, and that each and all of the defendants have or claim to have some interest or lien upon the said mortgaged premises which accrued subsequent to the lien of the said mortgage. The defendant Louise H. Carpenter, without denying any of the allegations of the complaint, alleges that on or about the 2d of July, 1907, in consideration of the sum of $312.50 paid as interest on the mortgage described in the complaint, and in addition thereto the sum of $35 then or thereabouts paid by the answering defendant to the plaintiff, the plaintiff agreed to extend the mortgage described in the complaint to May 1, 1911. This answer the court below has held to be frivolous, and directed judgment for the plaintiff.

It is quite evident that a valid agreement, based upon a sufficient consideration, extending the time of the payment of this mortgage, would be a defense to the action to foreclose the mortgage, commenced before the time to which the payment of the mortgage debt has been extended. The plaintiff relied on Olmstead v. Latimer, 158 N. Y. 313, 53 N. E. 5, 43 L. R. A. 685, as an authority to sustain the order appealed from. The agreement in that case recited no consideration, and it was held that an agreement to extend the time, without other consideration than a mere promise, was not enforceable for want of con-

sideration. But in that case there was no consideration for the agreement, either alleged or proved. Here the consideration as alleged is that the answering defendant, who was not liable to pay either the principal or interest of the bond or mortgage, paid to the plaintiff for interest on the mortgage $312.50, and in addition paid the sum of $35, and in consideration of this payment the plaintiff agreed to extend the mortgage until the 1st of May, 1911. There is nothing said about extending the payment of the bond; but, as the mortgage was given to secure the bond, I think it is alleged by reasonable intendment that it was the payment of the debt secured by the bond that was extended. Nor is it alleged that this agreement was in writing; but, as it does not appear from the answer that it was not in writing, that objection is not available.

The plaintiff also claims that there is no allegation that there was an absolute, unqualified extension of the time for the payment of the principal sum secured by the bond and mortgage; but I think that can also be inferred by reasonable intendment. The agreement is alleged to be on the part of the plaintiff in consideration of the payment of a sum of money by the answering defendant. An agreement to extend seems to me to be a sufficient allegation of an execution of the actual extension of the time for payment. The fact that a defense is argumentatively or inartificially stated is not a justification for the court overruling it as frivolous. If facts are alleged from which an agreement to extend the time of payment, based upon a sufficient consideration, may fairly be inferred, I do not think that the answer should be overruled as frivolous; but the issues should be tried. There can be no question but what payment of interest upon an indebtedness by a person who is not liable to pay the indebtedness is a good consideration for an extension of the balance due. Jester v. Sterling, 25 Hun, 344, and cases there cited.

I think, therefore, the order appealed from must be reversed, with $10 costs and disbursements, and motion for judgment upon the pleadings as frivolous denied, with $10 costs. All concur.