(71 Misc. Rep. 257.)

### MOORE v. BLANCK.

(City Court of New York, Trial Term.  March, 1911.)

1. GAMING (§ 19*)—CONTRACTS (§ 68*)—CHECKS.

Where, on a settlement of an action on a check given for money lost at gambling, defendant gave his check for the same amount as the first check, no action can be maintained on the second check.

[Ed. Note.—For other cases, see Gaming, Dec. Dig. § 19;* Contracts, Dec. Dig. § 68.*]

2. GAMING (§ 48*)—TRIAL (§ 368*)—ACTION ON CONTRACT—EFFECT.

Where, in settlement of an action on a check given for money lost in gambling, a check for the same amount was given, in an action on the second check, where defendant admits the making thereof, but denies that he had stopped payment thereon, but does not plead the defense of gambling, plaintiff is entitled to judgment, though, by the stipulation as to the facts on which the case was submitted, it was agreed that the original check was given in settlement of money lost by defendant at gambling, and in said first action the defense of gambling was set up as an affirmative defense.

[Ed. Note.—For other cases, see Gaming, Dec. Dig. § 48;* Trial, Dec. Dig. § 368.*]

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

129 N.Y.S.—70

Action by Alexander F. Moore against Max Blanck. Judgment for plaintiff.

Otto B. Schmidt, for plaintiff.
Max D. Steuer, for defendant.

GREEN, J. This action was submitted to the court for trial without a jury upon a stipulation as to the facts therein agreed upon. The stipulation provided that in March, 1910, an action was brought in this court, between the same parties hereto, to recover from the defendant the sum of $875, being the amount of a check made by the defendant to one E. W. Teschner and by him transferred to the plaintiff; that in that action the defendant duly interposed an answer in which the defense of gambling was interposed; that the case came on for trial in Part 4 of this court on June 13, 1910; that the said action was settled by discontinuing the same, and the defendant giving his check to plaintiff, dated August 2, 1910, and drawn and made payable, just as the first check was, for the sum of $875, and that said second check is the check sued on in this action; that, when said check was presented for payment, payment was refused upon the ground of "payment stopped"; "that the original check, on which the first action was brought, was given in settlement of money lost by defendant at gambling, and in said first action the defense of gambling was set up as an affirmative defense." Such is the substance of the stipulation, with the exception of the last clause, which is quoted verbatim. The defendant claims that, the demand sued on being confessedly founded on an illegal contract (that is to say, for money lost at gambling), and there being no ground for the assertion of liability upon the part of the defendant, forbearance in proceeding with such claim would be insufficient to support an action upon the second check, it being without legal consideration and void.

[1] The plaintiff's contention is, however, that an agreement to release an asserted claim, be it valid or not, would be a sufficient consideration, and that, for that reason, he is entitled to judgment. I am, however, upon this aspect of the case, inclined to the position assumed by the defendant, and am of the opinion that a promise or agreement based upon the admitted consideration herein to forbear the prosecution of a confessedly illegal claim, such as that sued upon in the first action, which was settled, would not be sufficient to support this action now at bar. The plaintiff has referred the court to many cases holding:

"That the compromise of a doubtful claim is good consideration for a promise to pay money; and when an action is brought upon the promise, it is no answer to show that the first suit could not have been maintained, or that the claim was not a valid one." Dovale v. Ackermann, 2 App. Div. 404, 407, 37 N. Y. Supp. 959, 961.

This proposition of law is unquestioned, but the difficulty lies in the fact that it has no application to the case at bar, for the reason that in the case before me the claim was never a doubtful one, but was based upon an illegal transaction, to wit, gambling; and another phase of the rule is also beyond question, that the compromise of a

claim clearly unfounded or illegal is not good consideration, and, if there be no ground for assertion of liability, forbearance to sue will not supply a consideration. 7 Cyc. 719. See, also, Hollingsworth v. Moulton, 53 Hun, 91, 6 N. Y. Supp. 362.

Were this all to the case, judgment would necessarily have to be rendered in favor of the defendant; but plaintiff has raised the interesting question that the defense of gambling, *not having been pleaded in this action,* is not available to the defendant herein, even though it had been concededly set up in the first action as a defense. When this case was called for trial upon the calendar of this court, the statement was made that the case involved only a question of law, and substantially there was stated what is embodied in the stipulation of facts. No intimation was given by counsel for the plaintiff as to the failure of defendant to set up *in this action* the defense of a gambling transaction, and the first suggestion to the court appeared upon an examination of the pleadings and the brief. My determination of the issue in this case is necessarily confined to the pleadings and the stipulation of the facts, and their examination convinces me that the defendant's counsel, by the stipulation, has been lulled into fancied security. The complaint in the action at bar sets forth an action on a check, the making of which is admitted. The answer contained some immaterial denials, but denied the allegation that payment was stopped by defendant. There is no defense of gambling alleged in the answer *interposed in this action,* while such was the fact in the first action, which was discontinued. There is no separate defense of any kind alleged, and recourse must be had to the stipulation of facts to ascertain whether the defendant may receive aid therefrom in the failure to allege the defense of gambling in his answer. The provisions of the stipulation are hereinbefore set forth substantially as they appear, and the main clause pertinent to the point now under discussion is the last clause therein contained. To repeat it:

"That the original check on which the first action was brought was given in settlement of money lost by defendant at gambling, *and in said first action the defense of gambling was set up as an affirmative defense.*"

It will be observed that nothing is said about the defense of gambling in the case at bar. The stipulation reads that that defense was set up in the first action. How can that stipulation avail the defendant in the action now before me? I am forced to the conclusion that it avails him not. We are now dealing with the second action brought, which is entirely a new action, and while the recitation of the defense of gambling in the first cause of action mentioned in the stipulation may be good as an historical narration of the facts in that action as they occurred, it nevertheless in my opinion is worthless to aid the defendant, in view of the absence of the defense of gambling in the answer in the case at bar. Whether the shrewd language used in the last clause of the stipulation was purposely designed to lull the defendant's counsel to sleep, without awakening him to the condition of his pleading in the case at bar, I am unable to say. Suffice, however, that the fact remains if my interpretation of the stipulation be correct.

[2] It would be a loss of time to enter upon a discussion of the question that, in order that the defense of gambling be available, it must be pleaded. The rule is well settled, and the Court of Appeals has said in a case involving the statute of frauds:

"The statute of frauds is a shield, which a party may use or not for his protection just as he may use the statute of limitations, the statute against usury, that against betting and gaming, and others that might be mentioned. I take it to be a general rule of universal application that the statutes last mentioned are not available to a party unless specifically pleaded, and there is no reason for making the statute of frauds an exception to the rule." Crane v. Powell, 139 N. Y. 388, 34 N. E. 913; Matthews v. Matthews, 154 N. N. Y. 291, 48 N. E. 531.

In view of the fact that the defense of gambling has not been interposed by the answer in the case at bar, and in view of the fact that defendant, by the language of the stipulation of facts, receives no aid in such defense in this action, I am forced to the conclusion that plaintiff is entitled to judgment for the full amount claimed. I therefore award judgment for the plaintiff for the sum of $875 and interest, and let judgment be entered accordingly.

Judgment for plaintiff.