in that respect stands unimpeached, and Halcyon G. Bailey failed to deny that he had received into his possession or had seen such a paper.

My conclusions are that the release and satisfaction piece are void, and should be set aside, and that the bond and mortgage should be adjudged valid and existing obligations, and an incumbrance upon the premises described in the complaint, and that the plaintiff have judgment for the foreclosure and sale of said premises, and that a referee be appointed to compute the amount due thereon, and that the said deed to Halcyon G. Bailey and May Bailey is void, and that it be canceled of record, and that the said defendants account for the rents and income of said property, and that a reference be ordered to take and state such account, with costs to the plaintiff in both actions.

---

## LOCKWOOD et al. v. TITLE INS. CO. OF NEW YORK.

(Supreme Court, Special Term, Erie County. August, 1911.)

1. ABSTRACTS OF TITLE (§ 3*)—LIABILITY OF ABSTRACT COMPANY—PARTIES.

Where an abstract company furnishes an abstract of title of plaintiff's premises to grade crossing commissioners in condemnation proceedings, erroneously showing a mortgage on plaintiff's land as a lien thereon, so that the commissioners' award was paid to the mortgagees instead of to the plaintiff as the owner of the fee, the company is not liable to plaintiff for the injury resulting from its error for the reason that it did not furnish the abstract to him.

[Ed. Note.—For other cases, see Abstracts of Title, Cent. Dig. §§ 2–6; Dec. Dig. § 3.*]

2. CONTRACTS (§ 54*)—CONSIDERATION—SURRENDER OF RIGHT.

Where the owner of the fee to premises discovers an error in an abstract of title of such premises, furnished to grade crossing commissioners in condemnation proceedings, in consequence of which an award has been paid by the commissioners to mortgagees of the premises instead of to the plaintiff, and the company, upon demand of the money erroneously paid, promises plaintiff that if he would refrain from instituting suit against it and would allow it, through the commission, to carry on a proceeding looking to the repayment of the award by the mortgagees, it would pay plaintiff on demand the amount erroneously paid with interest from the date of its payment, there is a surrender of plaintiff's right to conduct a proceeding through the commission which constitutes consideration for the company's promise to pay.

[Ed. Note.—For other cases, see Contracts, Cent. Dig. § 233; Dec. Dig. § 54.*]

3. CONTRACTS (§ 71*)—CONSIDERATION—FORBEARANCE.

Where an owner of property had a right to conduct a proceeding through a grade crossing commission for the recovery of an award paid on an erroneous abstract of title, and in consideration of the abstract company's promise that, if allowed to conduct the proceeding, it would pay to plaintiff the amount of the award, relies upon such promise and refrains from commencing a proceeding, the owner's forbearance is sufficient as a consideration for defendant's promise.

[Ed. Note.—For other cases, see Contracts, Cent. Dig. § 319; Dec. Dig. § 71.*]

4. CONTRACTS (§ 72*)—CONSIDERATION—FORBEARANCE.

A forbearance to sue upon a claim of a definite amount is a consideration for a promise to pay the entire claim, unless the claim is made in bad faith or is based upon an illegal transaction; it is not necessary

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

that the claimant should have a claim well founded in law, but, if he bona fide believes that he has a fair chance of success, his forbearance to sue will constitute a good consideration.

[Ed. Note.—For other cases, see Contracts, Cent. Dig. § 325; Dec. Dig. § 72.*]

5. EVIDENCE (§ 65*)—PRESUMPTION—KNOWLEDGE OF LAW.

Where plaintiff, in an action on defendant's promise to pay, alleges his own forbearance to sue the defendant, his knowledge of the law will not be presumed in order to charge him with bad faith in making his claim, but, on demurrer, it will be presumed that he acted honestly in the belief that he had a good cause of action against defendant when he made demand upon it.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. § 85; Dec. Dig. § 65.*]

Action by Thomas B. Lockwood and another against the Title Insurance Company of New York. Demurrer to plaintiffs' complaint overruled, with leave to withdraw and answer.

Joseph G. Dudley, for plaintiffs.
William Burnett Wright, Jr., for defendant.

POUND, J. [1] This is an action on the promise of defendant to pay to plaintiffs the amount of a land award based on a mortgage alleged to have been erroneously set out by defendant on an abstract of title of plaintiffs' premises furnished by it to the grade crossing commissioners of the city of Buffalo in condemnation proceedings instituted by such commission. The award was made and paid to the mortgagees, when it should have been made to plaintiffs as owners of the fee; the mortgage not being a lien on the condemned premises. The defendant was not legally liable to plaintiffs for this injurious error for the reason that it did not furnish the search to them. Glawatz v. People's Guaranty Search Co., 49 App. Div. 465, 63 N. Y. Supp. 691.

The complaint does not attempt to allege a cause of action for the erroneous statement. It alleges the facts leading up to and including the payment of the award, and then as follows:

"(10) That, upon the return of said Thomas B. Lockwood to this country, the plaintiffs discovered the error above set forth and demanded of the defendant the payment to them of the money thus erroneously paid and threatened to bring suit against the defendant unless payment was at once made.

"(11) *That, after said demand and threat of suit as aforesaid, the defendant promised and agreed with these plaintiffs that, if the plaintiffs would refrain from instituting said suit against the defendant, and would also allow the defendant, through the grade crossing commission of the city of Buffalo, to carry on a proceeding looking to the repayment of the award to the mortgagees, to whom it was paid, the defendant would pay to these plaintiffs upon demand said sum of $1,346.61 and interest thereon from the day of the payment of said award.*

"(12) That, relying upon and in consideration of said promise of the defendant made to these plaintiffs as aforesaid, plaintiffs promised and agreed to and did refrain from instituting said suit against the defendant, and also promised and agreed to and did allow the defendant to carry on said proceedings looking to the repayment of the award to said mortgagees.

"(13) That the defendant through the grade crossing commission of the city of Buffalo carried on said proceedings, but were unsuccessful in compelling the repayment of said award by said mortgagees, and said proceedings have been finally determined adversely to the interests of said defendant.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

"(14) That thereafter plaintiffs demanded of the defendant the payment of said sum of $1,346.61 and interest thereon since the date of the payment of said award, but that the defendant has refused and neglected to pay plaintiffs said sum, all of which sum is now due and owing from the defendant to these plaintiffs."

Defendant demurs on the ground that the facts stated do not constitute a cause of action.

The question is whether a consideration is pleaded for the defendant's promise to pay.

[2] I think that a consideration is sufficiently alleged.

Defendant had no standing "through the grade crossing commission * * * to carry on a proceeding looking to the repayment of the award to the mortgagees" except as plaintiffs surrendered their right to conduct such proceeding to it, i. e., allowed it to conduct such proceeding for them. The facts stated in paragraph 11, supra, sufficiently allege an act of plaintiffs called for and induced by defendant's promise to pay, to wit, a surrender of the right to conduct their own proceedings for the repayment of the award.

"So long as a legal right is surrendered, there is a sufficient consideration, although the surrender of that right may be of no value to the other party, and may actually benefit the party surrendering such right. In fact, any act which constitutes a change of the legal position of the promisee may be a valid consideration." Harriman on Contracts (2d Ed.) § 91.

[3] Forbearance to sue as a consideration for the defendant's promise to pay is also sufficiently pleaded. Modern decisions have modified the rule that forbearance to sue upon an unfounded claim can never support a promise given therefor for the reason that forbearance to sue a claim not legally enforceable can be no detriment. 9 Cyc. 340.

[4] A forbearance to sue upon a claim of a definite amount is a consideration for a promise to pay the entire claim, unless the claim is made in bad faith or is based upon an illegal transaction, such as money lost in gambling. Moore v. Blanck, 71 Misc. Rep. 257, 129 N. Y. Supp. 1105. It is not necessary that the claimant should have a well-founded claim in law. It is enough if he acts honestly. The rule has been well stated as follows:

"If he (a man) bona fide believes he has a fair chance of success, he has a reasonable ground for suing, and his forbearance to sue will constitute a good consideration. When such a person forbears to sue, he gives up what he believes to be a right of action, and the other party gets an advantage, and, instead of being annoyed with an action, he escapes from the vexations incident to it. * * * It would be another matter if a person made a claim which he knew to be unfounded, and, by a compromise, obtained an advantage under it; in that case his conduct would be fraudulent." Callisher v. Bischoffsheim, L. R. 5 Q. B. 449, 452.

A very recent opinion in the Appellate Division, Third Department, contains the following:

"*Such claim being a bona fide one*, so far as consideration for the compromise is concerned, it does not matter whether the claim was much or little, or for that matter good or bad. It is not necessary, in order to uphold a compromise agreement based upon a surrender or composition or compromise of a claim, that the claim should be a valid one, or one that can be enforced at law. A promise made upon a settlement of disputes and to prevent litigation is made upon a good consideration, and the settlement of a doubtful

claim will uphold a promise to pay a stipulated sum or do any other lawful act. Courts from the earliest times have favored compromises of *bona fide* disputes, and have held agreements therefor to be founded upon good consideration irrespective of the validity of the claim which was compromised." Minehan v. Hill, 129 N. Y. Supp. 873, 876, and cases cited.

[5] A knowledge of the law will not be presumed in a case of this kind in order to charge plaintiffs with bad faith. "There.is no presumption that everybody knows the law; it would be contrary to common sense and reason if it were so." Maule, J., in Martindale v. Falkner, 2 C. B. 719. It will be presumed, on the demurrer, that plaintiffs acted honestly in the belief that they had a good cause of action against defendant when they made the demand.

Demurrer overruled, with costs, with leave to withdraw demurrer and answer on payment of costs.