STELLA KESSLER, Appellant, v. NEW YORK RAPID TRANSIT CORPORATION, Respondent.— Action to recover damages for personal injuries sustained by plaintiff when she fell down a stairway owned and maintained by the defendant and leading into the subway at North Seventh street and Bedford avenue, Brooklyn. The complaint was dismissed upon the merits at the close of plaintiff's case. Judgment affirmed, with costs. No opinion. Davis, Johnston and Adel, JJ., concur; Lazansky, P. J., and Young, J., dissent and vote for reversal and a new trial, being of opinion that a question of negligence on the part of defendant arises by virtue of the evidence that the stairway in question had just been swept by defendant's employee, that the stick which caused the plaintiff's fall was found on the stairway immediately after such sweeping, and that this raised a question as to whether defendant's employee had been careless in sweeping the stairway.

THE MOUNT VERNON TRUST COMPANY, Respondent, v. HERBERT M. DELANOIE, Defendant, and " CHARLES " H. PEDDRICK, JR., the First Name Charles Being Fictitious, the True First Name of Defendant Being Unknown to Plaintiff, Appellant.— In an action to recover a balance due upon a promissory note payable on demand, order in so far as it denies the motion of defendant Peddrick for summary judgment dismissing the complaint affirmed, with ten dollars costs and disbursements. No opinion. Young, Hagarty, Carswell and Davis, JJ., concur; Lazansky, P. J., dissents and votes for reversal, with the following memorandum: There is no issue of fact. Plaintiff's affiant does not speak with knowledge. (*Curry* v. *Mackenzie*, 239 N. Y. 267.) Deposit of collateral is not a payment. It may be an acknowledgment of a debt from which a promise to pay might be implied; but that must be in writing. (Civ. Prac. Act, § 59.)

LILLIAN NEIMARK, Appellant, v. THE GUARDIAN LIFE INSURANCE COMPANY OF AMERICA, Respondent.— The action is on a policy of life insurance. Defendant pleaded false and fraudulent representations of the insured in his application for the policy. The court, on a reserved motion, dismissed the complaint after the jury had rendered a verdict on special questions in favor of plaintiff. Judgment unanimously affirmed, with costs. No opinion. Appeal from decision dismissed. Present — Lazansky, P. J., Young, Davis, Johnston and Adel, JJ.

THE PRUDENTIAL INSURANCE COMPANY OF AMERICA, Respondent, v. THE K. L. F. REALTY CO., INC., Appellant, and Others, Defendants. (Action No. 4.) Appeal from an order granting plaintiff's motion made pursuant to rule 113 of the rules of Civil Practice, striking out the answer as insufficient and directing entry of judgment for plaintiff. Order reversed on the law, with ten dollars costs and disbursements, and motion denied, with ten dollars costs. The appellant took subject to the mortgage in question and consideration for the agreement to reduce interest is imported from its promise to pay such interest and to make installment payments to cover arrears, which it was not theretofore obligated to do. ( *Krebs* v. *Carpenter*, 124 App. Div. 755; *City Bank Farmers Trust Co.* v. *Slowmach Realty Corp.*, 238 id. 524.) The sufficiency of the writing is a question of fact, and, moreover, the Statute of Frauds must be pleaded to be invoked. The agreement is also independent of the original bond and mortgage and between different parties. The authority of the alleged agent to make the agreement is also a question of fact. Lazansky, P. J., Hagarty, Carswell, Davis and Taylor, JJ., concur.