J. OLIVER PLUNKETT, Plaintiff, *v.* JAMES O'CONNOR, Defendant.

Municipal Court of New York, Borough of Queens, First District, April 30, 1937.

Otterbourg, Steindler & Houston [*Martin Blau* of counsel], for the plaintiff.

James M. O'Connell, for the defendant.

PETTE, J. This action was instituted by the plaintiff to recover the balance of moneys due under a contract made by the plaintiff with the defendant. The facts as presented upon the trial were to the effect that on August 15, 1935, the defendant's son, while riding a bicycle, negligently injured the plaintiff's wife. As a result of the accident, she sustained severe and painful injuries which necessitated the expenditure of medical treatment, hospitalization, etc., in the sum of $587. Several days later, the defendant and the plaintiff agreed verbally that said defendant would pay the plaintiff any and all sums expended by the plaintiff for the proper medical treatment and care of his wife, in consideration of the agreement of the plaintiff and his wife to forever forbear from suing the defendant's son as a result of said accident. The defendant paid the sum of $90 on account of said agreement and neglected to pay the balance thereof. The issues were submitted to the jury upon the trial of the action, and said jury returned a sealed verdict in favor of the plaintiff in the sum of $269. The defendant makes the present motion to set aside the verdict and for a new trial upon the usual grounds set forth in section 549 of the Civil Practice Act.

It is the contention of the defendant that the aforesaid agreement is unenforcible because of the fact that there was no consideration therefor, and that a parent is not responsible for the torts of an infant child and cites in support of said argument the recent case of *Steinberg* v. *Cauchois* (249 App. Div. 518). This action is not in point since this case holds that a father is not liable in tort for the negligence of his children. The action herein is far different in that it is based upon an alleged contract between two competent parties.

A strange situation is presented herein; the defendant-father would not have been liable under the facts presented for the willful tort of his son under ordinary circumstances unless the infant was using a dangerous toy such as an air rifle, with the knowledge of his father. (*Kuchlik* v. *Feuer*, 239 App. Div. 338; affd., 264 N. Y. 542.) However, the defendant saw fit to enter into an agreement with the plaintiff and his wife requiring them to forbear

from suing and most likely procuring a judgment against his son, and in consideration of said forbearance agreed to pay the medical expenses. Such an agreement is enforcible.

Though a person may in a sense have the legal right to bring an action on a totally unfounded claim, his refraining from doing so cannot constitute a consideration for an executory promise. On the other hand, if a person asserts a claim in good faith, though it is unfounded in law, his refraining from suing thereon will furnish a sufficient consideration. Where such a person forbears to sue he gives up what he believes a right of action and the other party gets an advantage, and, instead of being annoyed with an action, he escapes from the vexation incident to it. (*Lockwood* v. *Title Ins. Co.*, 73 Misc. 296.) A forbearance to sue upon a claim of a definite amount is a consideration for a promise to pay the entire claim, unless the claim is made in bad faith, or is based upon an illegal transaction, such as money lost in gambling. (*Moore* v. *Blanck*, 71 Misc. 257.)

In the leading case of *Minehan* v. *Hill* (144 App. Div. 854, 858) it was held: " A promise made upon a settlement of disputes and to prevent litigation is made upon a good consideration, and the settlement of a doubtful claim will uphold a promise to pay a stipulated sum or do any other lawful act. (*White* v. *Hoyt*, 73 N. Y. 505, 514.)"

Courts from the earliest times have favored compromises of *bona fide* disputes and have held agreements therefor to be founded upon good consideration irrespective of the validity of the claim which was compromised. (*Goilmere* v. *Battison*, 1 Vern. 48; *Cann* v. *Cann*, 1 P. Wms. 723; *Penn* v. *Lord Baltimore*, 1 Ves. Sr. 444; *Russell* v. *Cook*, 3 Hill, 504; *Hoge* v. *Hoge*, 1 Watts [Pa.], 163, 216; *Leach* v. *Fobes*, 11 Gray [Mass.], 506; *Sears* v. *Grand Lodge A. O. U. W.*, 163 N. Y. 374.) Judges have stated the rule in various language, all, however, to the same tenor. In *Russell* v. *Cook* (*supra*) COWAN, J., says: " In such cases it matters not on which side the right ultimately turns out to be. The court will not look behind the compromise."

There is no proof that the plaintiff was guilty of any misrepresentation or deceived the defendant in any way. On the contrary, it appears that although the defendant is now loath to perform the agreement, he was the one who was the most anxious to enter into it. It may be true that he did not know what his absolute rights were at the time that the agreement was entered into, but that does not alter the situation in the absence of fraud, etc. A knowledge of the law will not be presumed in a case of this kind

in order to charge the plaintiff with bad faith. (*Lockwood* v. *Title Ins. Co.*, 73 Misc. 296, 299.)

The Statute of Frauds was not pleaded affirmatively in the answer, and the defendant cannot invoke said statute in the present action. Said defense to be available must be pleaded affirmatively. (*Prudential Ins. Co.* v. *K. L. F. Realty Co., Inc.*, 247 App. Div. 898; *Ramme* v. *Long Island R. R. Co.*, 226 N. Y. 327; Civ. Prac. Act, § 242.) Moreover, even if the defendant were permitted to plead said defense, it would not be applicable under the facts presented to this court and the jury since the defendant made an *original* promise to pay. The forbearance by the plaintiff and his wife extinguished their claim for the negligence of the defendant's son; this was not a collateral, but an original undertaking on the defendant's part; such a case does not fall within the Statute of Frauds. (*American Wire & Steel Bed Co.* v. *Schultz*, 43 Misc. 637; *Meriden Brittannia Co.* v. *Zingsen*, 48 N. Y. 247; *Mallory* v. *Gillett*, 21 id. 412; *Brown* v. *Weber*, 38 id. 187.)

The plaintiff's threat to institute civil proceedings or to resort to his legal remedies cannot be regarded as the foundation for the defendant's claim of possible duress, as the defendant might have, and it was his duty to defend himself, as against such civil proceedings, if they were in fact unfounded. It is immaterial that the claims on which the legal proceedings were threatened were unfounded, to the knowledge of the party making the threat. (*Harmony* v. *Bingham*, 12 N. Y. 99, 116; *McGuire & Co.* v. *Vogel Co.*, 164 App. Div. 173.) It has been held that a threat of an unlawful arrest or imprisonment might constitute duress. However a threat to exercise a legal right as in the instant case does not constitute duress. (*Martin* v. *New Rochelle Water Co.*, 11 App. Div. 177; affd., 162 N. Y. 599; *McPherson* v. *Cox*, 86 id. 472; *Dunham* v. *Griswold*, 100 id. 224.)

Upon the evidence, it was no defense for the defendant to prove that he did not owe the plaintiff anything. The plaintiff having made a claim, and the parties having settled the dispute, and the defendant having procured an agreement of forbearance, that promise was founded upon sufficient consideration. It was a question of fact which the jury found in favor of the plaintiff, as to whether the agreement was executed in consequence of any duress. The defendant was not restrained in his actions or liberty in any way. He appears to be a business man in the full possession of his faculties. A mere threat to sue the defendant or his son would not be such duress as would avoid a promise induced by such threat, nor would it have made any difference had the plaintiff

threatened to enforce his judgment by virtue of an execution. (*Dunham* v. *Griswold*, 100 N. Y. 224, 226.)

By reason of the foregoing well-established authorities in this State, the court denies the defendant's motion to set aside the verdict of the jury in all respects.   Submit order.