■ MARINE MIDLAND BANK-WESTERN, Respondent, v CENTER OF WILLIAMSVILLE, INC. et al., Appellants.—Order unanimously reversed, with costs, and motion denied. Memorandum: This is an appeal from an order of Special Term Erie County Court which dismissed appellants' counterclaim and affirmative defenses interposed in response to respondent's (Marine Midland Bank-Western) action to foreclose upon a mortgage securing a principal indebtedness in the amount of three million dollars owed to the respondent bank by appellant Center of Williamsville, Inc. In our opinion the pleadings as amplified by the affidavits present issues of fact, which preclude summary judgment, on the third affirmative defense as to whether the bank by its conduct induced the appellants to believe that they would be given additional time, beyond the agreed upon due date, to obtain substitute financing, and whether such belief by the appellants was reasonable and acted upon by them to their prejudice thereby estopping the respondent from foreclosing its mortgage without further notice (see *Arnot v Union Salt Co.,* 186 NY 501; *Thomson v Poor,* 147 NY 402; *Royce v Rymkevitch,* 29 AD2d 1029; *Krebs v Carpenter,* 124 App Div 755; *Korpacz v 120 Middleton Realty Corp.,* 217 NYS2d 779; see, also Wiltsie, Mortgages [5th ed], vol. 1, § 172, pp 294–295). This case should proceed immediately to trial to avoid undue prejudice to respondent by further delay. (Appeal from order of Erie County Court, in foreclosure action.) Present—Cardamone, J. P., Simons, Mahoney, Goldman and Del Vecchio, JJ.

■ JEROME C. HANSS, Appellant v ALBERT B. BODINE, Defendant, and COUNTY OF MONROE, Respondent. (Appeal No. 1.)—Order and judgment unanimously affirmed, without costs. Memorandum: These are multiple appeals from judgments entered upon trial orders dismissing various causes of action at the close of plaintiff's case, from the trial order denying defendant Bodine's motion to dismiss the cause of action seeking compensatory damages at the close of plaintiff's case and from the trial order denying defendant Schniebs' motion to dismiss plaintiff's cause of action against her at close of plaintiff's case. The case proceeded after the court ruled on these various motions. During the presentation of the evidence for the defense plaintiff's counsel moved to withdraw from the case. His motion was granted and a mistrial was directed upon the specific direction of the court that its trial orders of dismissal would remain as decided. No objection was taken to that direction, and judgments were accordingly properly entered upon those orders. The orders denying the motion to dismiss the complaints seeking compensatory damages as to defendant Bodine and as to defendant Schniebs are not appealable (see *Richardson v Wengatz,* 33 AD2d 947; *Tannenbaum v Hoar,* 26 AD2d 980; 40 ALR2d 1284; cf. *Berg v City of New York,* 42 AD2d 770). (Appeal from order and judgment of Monroe Trial Term dismissing complaint in negligence action.) Present—Marsh, P. J., Moule, Simons, Del Vecchio and Witmer, JJ.

■ JEROME C. HANSS, Appellant, v ALBERT B. BODINE, Respondent, and COUNTY OF MONROE, Defendant. (Appeal No. 2.)—Order and judgment unanimously affirmed, without costs. Same memorandum as in *Hanss v Bodine* (48 AD2d 764). (Appeal from order and judgment of Monroe Trial Term, dismissing cause of action for punitive damages.) Present—Marsh, P. J., Moule, Simons, Del Vecchio and Witmer, JJ.