Genesee Trial Term in negligence action.) Present—Cardamone, J. P., Simons, Mahoney, Goldman and Del Vecchio, JJ.

■ MARINE MIDLAND BANK-WESTERN, Respondent, v CENTER OF WILLIAMSVILLE, INC. et al., Appellants.—Order unanimously reversed, with costs, and motion denied. Memorandum: This is an appeal from an order of Special Term Erie County Court which dismissed appellants' counterclaim and affirmative defenses interposed in response to respondent's (Marine Midland Bank-Western) action to foreclose upon a mortgage securing a principal indebtedness in the amount of three million dollars owed to the respondent bank by appellant Center of Williamsville, Inc. In our opinion the pleadings as amplified by the affidavits present issues of fact, which preclude summary judgment, on the third affirmative defense as to whether the bank by its conduct induced the appellants to believe that they would be given additional time, beyond the agreed upon due date, to obtain substitute financing, and whether such belief by the appellants was reasonable and acted upon by them to their prejudice thereby estopping the respondent from foreclosing its mortgage without further notice (see *Arnot v Union Salt Co.,* 186 NY 501; *Thomson v Poor,* 147 NY 402; *Royce v Rymkevitch,* 29 AD2d 1029; *Krebs v Carpenter,* 124 App Div 755; *Korpacz v 120 Middleton Realty Corp.,* 217 NYS2d 779; see, also Wiltsie, Mortgages [5th ed], vol. 1, § 172, pp 294–295). This case should proceed immediately to trial to avoid undue prejudice to respondent by further delay. (Appeal from order of Erie County Court, in foreclosure action.) Present—Cardamone, J. P., Simons, Mahoney, Goldman and Del Vecchio, JJ.

■ JEROME C. HANSS, Appellant v ALBERT B. BODINE, Defendant, and COUNTY OF MONROE, Respondent. (Appeal No. 1.)—Order and judgment unanimously affirmed, without costs. Memorandum: These are multiple appeals from judgments entered upon trial orders dismissing various causes of action at the close of plaintiff's case, from the trial order denying defendant Bodine's motion to dismiss the cause of action seeking compensatory damages at the close of plaintiff's case and from the trial order denying defendant Schniebs' motion to dismiss plaintiff's cause of action against her at close of plaintiff's case. The case proceeded after the court ruled on these various motions. During the presentation of the evidence for the defense plaintiff's counsel moved to withdraw from the case. His motion was granted and a mistrial was directed upon the specific direction of the court that its trial orders of dismissal would remain as decided. No objection was taken to that direction, and judgments were accordingly properly entered upon those orders. The orders denying the motion to dismiss the complaints seeking compensatory damages as to defendant Bodine and as to defendant Schniebs are not appealable (see *Richardson v Wengatz,* 33 AD2d 947; *Tannenbaum v Hoar,* 26 AD2d 980; 40 ALR2d 1284; cf. *Berg v City of New York,* 42 AD2d 770). (Appeal from order and judgment of Monroe Trial Term dismissing complaint in negligence action.) Present—Marsh, P. J., Moule, Simons, Del Vecchio and Witmer, JJ.

■ JEROME C. HANSS, Appellant, v ALBERT B. BODINE, Respondent, and COUNTY OF MONROE, Defendant. (Appeal No. 2.)—Order and judgment unanimously affirmed, without costs. Same memorandum as in *Hanss v Bodine* (48 AD2d 764). (Appeal from order and judgment of Monroe Trial Term, dismissing cause of action for punitive damages.) Present—Marsh, P. J., Moule, Simons, Del Vecchio and Witmer, JJ.

■ JEROME C. HANSS, Respondent, v ALBERT B. BODINE, Appellant, and COUNTY OF MONROE, Defendant. (Appeal No. 3.)—Appeal unanimously dis-

missed, without costs. Same memorandum as in *Hanss v Bodine* (48 AD2d 764). (Appeal from order of Monroe Trial Term denying motion to dismiss complaint.) Present—Marsh, P. J., Moule, Simons, Del Vecchio and Witmer, JJ.

■ JEROME C. HANSS, Appellant, v URSULA SCHNIEBS, Defendant, and ADIRONDACK MOUNTAIN CLUB, INC., Respondent. (Appeal No. 4.)—Judgment unanimously affirmed, without costs. Same memorandum as in *Hanss v Bodine* (48 AD2d 764). (Appeal from judgment of Monroe Trial Term dismissing complaint.) Present—Marsh, P. J., Moule, Simons, Del Vecchio and Witmer, JJ.

■ JEROME C. HANSS, Plaintiff, v URSULA SCHNIEBS, Appellant and ADIRONDACK MOUNTAIN CLUB, INC., Respondent. (Appeal No. 5.)—Judgment unanimously affirmed, without costs. Same memorandum as in *Hanss v Bodine* (48 AD2d 764). (Appeal from judgment of Monroe Trial Term dismissing cross claim.) Present—Marsh, P. J., Moule, Simons, Del Vecchio and Witmer, JJ.

■ JEROME C. HANSS, Respondent, v URSULA SCHNIEBS, Appellant, and ADIRONDACK MOUNTAIN CLUB, INC., Defendant. (Appeal No. 6.)—Appeal unanimously dismissed, without costs. Same memorandum as in *Hanss v Bodine* (48 AD2d 764). (Appeal from order of Monroe Trial Term denying motion to dismiss complaint.) Present—Marsh, P. J., Moule, Simons, Del Vecchio and Witmer, JJ.

■ INSURANCE COMPANY OF NORTH AMERICA, Appellant, v ANDREW C. GODWIN, Respondent. (Proceeding No. 1.) In the Matter of COUNTRY-WIDE INSURANCE COMPANY, Appellant, v ANDREW C. GODWIN, Respondent. (Proceeding No. 2.)—Motion for reconsideration of order and opinion, and of motion for leave to appeal to the Court of Appeals, denied. (See *Slater v American Min. Spirits Co.,* 33 NY2d 443; *Matter of Huie [Furman],* 20 NY2d 568; *Spindell v Brooklyn Jewish Hosp.* 35 AD2d 962, affd 29 NY2d 888; *Deeves v Fabric Fire Hose Co.,* 19 AD2d 735, affd 14 NY2d 663.) Present—Marsh, P. J., Cardamone, Simons, Mahoney and Witmer, JJ.

■ In the Matter of the Application of JOHN F. STREBER, JR., Petitioner, v STATE OF NEW YORK LIQUOR AUTHORITY, Respondent.—Motion to resettle order entered March 6, 1975 granted. Present—Marsh, P. J., Moule, Simons, Mahoney and Goldman, JJ.

■ In the Matter of CARL J. D'AURIA, an Attorney.—Resignation accepted and name stricken from roll of attorneys. Present—Cardamone, J. P., Simons, Goldman, Del Vecchio and Witmer, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, v GREENFIELD CONSTRUCTION COMPANY, INC., Defendant.—Motion to remove indictment and action from County Court, Monroe County to the Supreme Court, Monroe County, denied. Memorandum: We find no merit in movants' argument that the complexity of the issues requires removal of this case to the Supreme Court. Defendants' second ground for removal is based upon the paramount principle of fairness, a principle which existed at common law and which has been incorporated into the statutes of our State. "The right of every person accused of crime to have a fair and impartial trial before an unbiased court and an unprejudiced jury, is a fundamental principle of criminal jurisprudence" *(People v McLaughlin,* 150 NY 365, 375). Not only must there be no prejudice, actual or implied, but even the appearance of prejudice must be avoided. "Next in importance to the duty of rendering a righteous judgment, is that of doing it in such a manner as will beget no suspicion of the fairness