missed, without costs. Same memorandum as in *Hanss v Bodine* (48 AD2d 764). (Appeal from order of Monroe Trial Term denying motion to dismiss complaint.) Present—Marsh, P. J., Moule, Simons, Del Vecchio and Witmer, JJ.

■ JEROME C. HANSS, Appellant, v URSULA SCHNIEBS, Defendant, and ADIRONDACK MOUNTAIN CLUB, INC., Respondent. (Appeal No. 4.)—Judgment unanimously affirmed, without costs. Same memorandum as in *Hanss v Bodine* (48 AD2d 764). (Appeal from judgment of Monroe Trial Term dismissing complaint.) Present—Marsh, P. J., Moule, Simons, Del Vecchio and Witmer, JJ.

■ JEROME C. HANSS, Plaintiff, v URSULA SCHNIEBS, Appellant and ADIRONDACK MOUNTAIN CLUB, INC., Respondent. (Appeal No. 5.)—Judgment unanimously affirmed, without costs. Same memorandum as in *Hanss v Bodine* (48 AD2d 764). (Appeal from judgment of Monroe Trial Term dismissing cross claim.) Present—Marsh, P. J., Moule, Simons, Del Vecchio and Witmer, JJ.

■ JEROME C. HANSS, Respondent, v URSULA SCHNIEBS, Appellant, and ADIRONDACK MOUNTAIN CLUB, INC., Defendant. (Appeal No. 6.)—Appeal unanimously dismissed, without costs. Same memorandum as in *Hanss v Bodine* (48 AD2d 764). (Appeal from order of Monroe Trial Term denying motion to dismiss complaint.) Present—Marsh, P. J., Moule, Simons, Del Vecchio and Witmer, JJ.

■ INSURANCE COMPANY OF NORTH AMERICA, Appellant, v ANDREW C. GODWIN, Respondent. (Proceeding No. 1.) In the Matter of COUNTRY-WIDE INSURANCE COMPANY, Appellant, v ANDREW C. GODWIN, Respondent. (Proceeding No. 2.)—Motion for reconsideration of order and opinion, and of motion for leave to appeal to the Court of Appeals, denied. (See *Slater v American Min. Spirits Co.,* 33 NY2d 443; *Matter of Huie [Furman],* 20 NY2d 568; *Spindell v Brooklyn Jewish Hosp.* 35 AD2d 962, affd 29 NY2d 888; *Deeves v Fabric Fire Hose Co.,* 19 AD2d 735, affd 14 NY2d 663.) Present—Marsh, P. J., Cardamone, Simons, Mahoney and Witmer, JJ.

■ In the Matter of the Application of JOHN F. STREBER, JR., Petitioner, v STATE OF NEW YORK LIQUOR AUTHORITY, Respondent.—Motion to resettle order entered March 6, 1975 granted. Present—Marsh, P. J., Moule, Simons, Mahoney and Goldman, JJ.

■ In the Matter of CARL J. D'AURIA, an Attorney.—Resignation accepted and name stricken from roll of attorneys. Present—Cardamone, J. P., Simons, Goldman, Del Vecchio and Witmer, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, v GREENFIELD CONSTRUCTION COMPANY, INC., Defendant.—Motion to remove indictment and action from County Court, Monroe County to the Supreme Court, Monroe County, denied. Memorandum: We find no merit in movants' argument that the complexity of the issues requires removal of this case to the Supreme Court. Defendants' second ground for removal is based upon the paramount principle of fairness, a principle which existed at common law and which has been incorporated into the statutes of our State. "The right of every person accused of crime to have a fair and impartial trial before an unbiased court and an unprejudiced jury, is a fundamental principle of criminal jurisprudence" *(People v McLaughlin,* 150 NY 365, 375). Not only must there be no prejudice, actual or implied, but even the appearance of prejudice must be avoided. "Next in importance to the duty of rendering a righteous judgment, is that of doing it in such a manner as will beget no suspicion of the fairness