Maspeth Fed. Sav. & Loan Assn. v Elizer (2021 NY Slip Op 05029)





Maspeth Fed. Sav. & Loan Assn. v Elizer


2021 NY Slip Op 05029


Decided on September 22, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on September 22, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
LEONARD B. AUSTIN
SYLVIA O. HINDS-RADIX
FRANCESCA E. CONNOLLY, JJ.


2018-14568
 (Index No. 697/10)

[*1]Maspeth Federal Savings and Loan Association, appellant, 
v
Yeshiva Kollel Tifereth Elizer, etc., respondent, et al., defendants.


Masone, White, Penkava & Cristofari (Mark L. Cortegiano, Middle Village, NY [Diana J. Demirdjan and Derek Piersiak], of counsel), for appellant.
Berg & David, PLLC, Brooklyn, NY (Abraham David and Sholom Wohlgelernter of counsel), for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the plaintiff appeals from an order of the Supreme Court, Kings County (Mark I. Partnow, J.), dated July 16, 2018. The order, insofar as appealed from, upon a decision of the same court (Miriam P. Sunshine, Ct. Atty. Ref.) dated June 8, 2018, made after a framed-issue hearing, finding that the plaintiff improperly accelerated the subject mortgage, granted the motion of the defendant Yeshiva Kollel Tifereth Elizer for leave to amend its answer to assert three counterclaims.
ORDERED that the order is affirmed insofar as appealed from, with costs.
In June 2005, the plaintiff, Maspeth Federal Savings and Loan Association (hereinafter Maspeth), loaned the sum of $975,000 to the defendant Yeshiva Kollel Tifereth Elizer (hereinafter Yeshiva). The loan was memorialized in a bond and secured by a mortgage encumbering certain real property in Brooklyn.
In a letter dated December 4, 2009, Maspeth declared that Yeshiva was in default due to arrears in payment and that the entire debt was due and payable. Thereafter, Maspeth commenced this action to foreclose the mortgage. Yeshiva interposed an answer and subsequently moved for leave to amend its answer to assert proposed first, second, and third counterclaims, sounding in breach of contract, abuse of process, and malicious prosecution, respectively, based on Maspeth's allegedly improper acceleration of the mortgage debt. Maspeth opposed Yeshiva's motion.
To aid in the disposition of Yeshiva's motion, the Supreme Court referred the matter to a Referee for a framed-issue hearing on whether Maspeth properly accelerated the mortgage debt. After the hearing, the Referee found that Maspeth improperly accelerated the mortgage debt. Thereafter, in an order dated July 16, 2018, the court, upon the Referee's determination, granted Yeshiva's motion for leave to amend its answer to assert the proposed counterclaims. Maspeth appeals, contending that the court erroneously relied upon the Referee's determination in granting Yeshiva's motion.
Contrary to Maspeth's contention, the Supreme Court did not err in relying upon the Referee's determination, made after the framed-issue hearing, in granting Yeshiva's motion for leave to amend its answer. The record supports the Referee's determination that, under the circumstances of this case, Maspeth's course of conduct in regularly accepting late payments from Yeshiva without objection precluded Maspeth from accelerating the debt without first providing Yeshiva with notice and an opportunity to cure any default (see Mader v Mader , 101 AD2d 881; cf. Southold Sav. Bank v Cutino , 118 AD2d 555; see generally Nassau Trust Co. v Montrose Concrete Prods. Corp. , 56 NY2d 175, 185; Marine Midland Bank-W. v Center of Williamsville , 48 AD2d 764).
Maspeth's remaining contentions are without merit.
MASTRO, J.P., AUSTIN, HINDS-RADIX and CONNOLLY, JJ., concur.
ENTER:
Maria T. Fasulo
Acting Clerk of the Court